NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

RYAN DON STICKLE, *Petitioner.*

No. 1 CA-CR 16-0037 PRPC
FILED 7-20-2017

Petition for Review from the Superior Court in Maricopa County
No.  CR2012-138057-001
The Honorable Margaret R. Mahoney, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Ryan Don Stickle, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

---

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Kenton D. Jones and Judge Donn Kessler[1] joined.

---

D O W N I E, Judge:

¶1          Ryan Don Stickle petitions for review from the dismissal of his petition for post-conviction relief. For the following reasons, we grant review but deny relief.

¶2          Stickle pleaded guilty in 2013 to attempted molestation of a child and attempted sexual conduct with a minor, both class 3 felonies and dangerous crimes against children. The superior court sentenced Stickle to ten years' incarceration and placed him on lifetime probation upon his release from prison. On November 16, 2015, Stickle filed a "Rule 32 Post-Conviction Relief," which the superior court dismissed as untimely and substantively deficient.

¶3          Stickle filed his petition for post-conviction relief more than two years after his sentencing. *See* Ariz. R. Crim. P. 32.4 ("In a Rule 32 of-right proceeding, the notice must be filed within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the final order or mandate by the appellate court . . . ."). Pursuant to Rule 32.1(f), a defendant must demonstrate that the failure to timely file a notice of post-conviction relief "was without fault on the defendant's part." *See* Ariz. R. Crim. P. 32.2, 32.4(a). Stickle made no such showing.

¶4          Timeliness aside, the superior court properly dismissed Stickle's petition on substantive grounds. Stickle signed a plea agreement that stated: "Pursuant to A.R.S. § 13-902, the Defendant may be placed on probation for a lifetime term." Although Stickle correctly observes that A.R.S. § 13-902(A) caps the probationary period for a class 3 felony at five years, he overlooks § 13-902(E), which states:

---

[1]     The Honorable Donn Kessler, Retired Judge of the Arizona Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

After conviction of a felony offense or an attempt to commit any offense that is included in chapter 14 . . . if probation is available, probation may continue for a term of not less than the term that is specified in subsection A of this section *up to and including life* . . . .

(Emphasis added.) Stickle pleaded guilty to attempted sexual conduct with a minor — a felony offense included in chapter 14 — specifically, A.R.S. § 13-1405. Lifetime probation was therefore appropriate.

**CONCLUSION**

¶5          For the foregoing reasons, we grant review but deny relief.

